W. A. LOCKHART ET AL. v. M. GIBBS.

(No. 5486.)

SURETY.— Failure of to present issue in main suit does not conclude him from afterwards alleging and showing his suretyship.

APPEAL from Bexar county. Opinion by WATTS, J.

Our statutes authorized a surety on note to present the issue of suretyship and have it tried and determined on

the main cause, and by that means rendered the judg-
ment th;rein available to him against the principal in the
event he pays it. But a failure of a surety to avail him-
self of that privilege in the main suit would not conclude
him from alleging and showing that he was, in fact, but a
surety in a suit brought by him against the principal for
reimbursement for any sum paid upon the judgment in the
main cause. R. S., art. 3662; Burk v. Conger, 8 Tex., 66;
Wiley v. Pierson, 23 Tex., 488; Freeman on Judgments,
sec. 226; Wells' Res Adjudicata, sec. 111. But the liability
of the principal was determined in the main suit, and until
that judgment is vacated or set aside his liability is conclu-
sive. There is no reasonable error so far as W. A. Lock-
hart is concerned. A married woman's liability for debts
contracted by her is limited to such debts as are contracted
for necessaries furnished herself and children, and for ex-
penses incurred by her for the benefit of her separate prop-
erty. R. S., art. 2854; Magee v. White, 23 Tex., 181.

It was therefore error to render any judgment whatever
against Mrs. Lockhart. The judgment is affirmed as to
W. A. Lockhart and reversed and rendered in favor of Mrs.
Lockhart.